**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DONALD E. BOYD,                     :
                                    :    Civil Action No. 08-4521 (WJM)
            Plaintiff,              :
                                    :
       v.                           :        **O P I N I O N**
                                    :
STATE OF ARIZONA, et al.,           :
                                    :
            Defendants.             :
_____:

**APPEARANCES:**

Donald E. Boyd, <u>Pro</u> <u>Se</u>
New Jersey State Prison
#517948/181706-B
P.O. Box 861
Trenton, NJ 08625

**MARTINI, District Judge**

Plaintiff, Donald E. Boyd, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this action alleging violations of his rights, pursuant to 42 U.S.C. § 1983, and various state laws.  He has submitted an application to proceed with this action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(e).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the

following reasons, Plaintiff's claims against certain defendants, as outlined herein, will be permitted to proceed.  All other defendants will be dismissed, without prejudice.

**BACKGROUND**

Plaintiff seeks to sue various entities and individuals in New Jersey and Arizona for violations of his constitutional rights, and his rights derived from state law.

Plaintiff states that a sexual assault occurred in 1994 in Arizona.  Plaintiff, although he had never been to Arizona and despite the victim picking out another person in a photo line-up, was charged with the sexual assault.  Seven years after the assault, defendants stated that the victim had chosen Plaintiff's picture from a photo line-up; however, the picture the victim had chosen was not a picture of Plaintiff.

Despite these facts, Plaintiff was extradited to Arizona in 2007, where he was pressured to plead guilty to lesser charges.  On March 12, 2008, the indictment against Plaintiff was dismissed for lack of evidence.  Ultimately, the charges were dismissed for lack of evidence and defendant was returned to New Jersey.

Plaintiff also states that while housed in New Jersey, he had surgery, and requested that his extradition be delayed until October 2007.  His request was ignored, and in August 2007, he was transferred to Arizona custody.  As soon as he arrived in Arizona, he told defendants that he had had surgery and required

rehabilitative services.  He did not receive services.  While in Arizona, Plaintiff also suffered from severe depression, for which he was medicated.

Plaintiff seeks to sue Arizona defendants and New Jersey defendants for false arrest, malicious prosecution, false imprisonment, conspiracy, denial of medical care, and for claims arising under state law.

Plaintiff asks for monetary relief.

## DISCUSSION

### A.    Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d

4

224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

5

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Certain Defendants Will Be Dismissed.**

Plaintiff names 34 defendants, plus additional "John Doe" defendants in this action.  However, Plaintiff's complaint does not indicate the personal involvement of most defendants listed.

1.  Eleventh Amendment Immunity

To begin, Plaintiff names the states of Arizona and New Jersey as defendants.  Notwithstanding, these defendants are immune from suit by the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See

Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Section 1915(e)(2)(B)(iii) requires this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."  Therefore, for the foregoing reasons, any claims against the States of Arizona and New Jersey must be dismissed, with prejudice.

    2.    Defendants With No Personal Involvement

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)

7

(citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

In this case, there are a number of defendants listed with no facts indicating that they are personally involved in this matter.  As the claims against these defendants are not set forth in the complaint, or are based on respondeat superior liability, these defendants will be dismissed from this action, without prejudice.[1]

3.   Defendants Named in Facts of Complaint

This Court notes that Plaintiff's statement of claims (found in paragraphs 47 to approximately paragraph 130 in the Complaint), includes the names of the individual defendants involved in the alleged wrongs against Plaintiff.  To be specific, Plaintiff names only the following defendants in his factual recitation: Mercer County Sheriff's Office ("MCSO"); Jeanine Sorrentino; Kevin Maricle; Sgt. D. Harvey; Det. M. Ward; Det. D. Keller; Colleen Proffitt; K. Donaldson, D. Ely, Michelle Gasparian; Alan Lustmann, and Rick Tosto.

---

[1] The defendants who will be dismissed without prejudice from this action include: Maricopa County, AZ; Maricopa County Prosecutor's Office; Maricopa County Sheriff's Office; Arizona Department of Public Safety; Bergen County, NJ; Bergen County Prosecutor's Office; Mercer County Prosecutor's Office; Catherine Leisch; Joseph M. Arpaio; Det. S. Roberts; Ofc. Andersson; Ofc. Enteman; Dennis A. Garrett; C. Sears; B. Cluff; S. Powers; A. Penrose; Susan Narveson; John Molinelli; and Det. Jay Brazofsky.

      a.    <u>Defendants Sorrentino and Maricle</u>

As to defendant Sorrentino, Plaintiff notes in his complaint that this defendant, a prosecutor with Maricopa County, Arizona, "questioned defendant Mary Ward, before a Maricopa County Grand Jury." (Complt., ¶ 75). This defendant is also mentioned in paragraph 120 of the complaint, where Plaintiff writes: "Finally, on March 10, 2008, defendant Sorrentino filed a motion to dismiss the indictment due to lack of evidence." (Complt., ¶ 120). In Paragraph 141, Plaintiff claims that this defendant, along with defendant Kevin Maricle, a deputy "court attorney" with the Maricopa County Prosecutor's Office, "in conspiracy with other defendants, solicited perjured testimony from defendant Mary Ward before the Grand Jury in an effort to obtain an indictment of plaintiff, despite his known innocence." (Complt., ¶ 141).

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993). <u>See</u> <u>also</u> <u>Burns v. Reed</u>, 500 U.S. 478, 490 n.6 (1991)(noting that "there is widespread agreement among the

Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries").[2]

Here, the allegations of wrongful conduct include only actions taken by the prosecutors that were within the scope of their duties as advocates for the state, to wit, making presentations before the grand jury.  Accordingly, these defendants are entitled to absolute immunity for those actions, and will be dismissed from this action, without prejudice.

      b.    Defendant Gasparian

Plaintiff alleges that defendant Gasparian, a prosecutor with the Mercer County Prosecutor's Office, informed the New Jersey state court at a hearing pursuant to Cuyler v. Adams, 449 U.S. 433 (1981), that "not only does plaintiff's DNA match samples from the crime scene, she provided the court with a booking photograph and fingerprint sheet that she stated were both taken at the time of plaintiff's arrest in Arizona.  In

---

[2] A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).

10

fact, the booking photograph was from an unrelated arrest from 1995 in Hudson County, New Jersey, and the fingerprint card [was] also from an unrelated arrest in Hudson County, New Jersey." (Complt., ¶¶ 102-103). This defendant also "assured the court and plaintiff that he would receive the necessary [medical] therapy in Arizona." (Complt., ¶ 108).

For the reasons set forth above in section C(3)(a), this defendant is immune from suit, and the claims against her will be dismissed, without prejudice.

      c.   <u>Defendant Proffitt</u>

Plaintiff states that defendant Colleen Proffitt, "of defendant Arizona Department of Public Safety lists all of the DNA evidence collected in the sexual assault of Tiffany Delehoy, that the Arizona Defendants had at the time." (Complt., ¶ 90). Plaintiff does not allege any wrongdoing against defendant Proffitt, contending that she listed evidence collected in the case.

Because Plaintiff has not alleged any facts indicating any constitutional violations committed by this defendant, this defendant will be dismissed from this action, without prejudice.

      d.   <u>Defendant Tosto</u>

Defendant Tosto was Plaintiff's public defender in Arizona. (Complt., ¶ 35). Plaintiff states that defendant Tosto is in possession of clothing that Plaintiff purchased, amounting to

about $750.00.  (Complt., ¶¶ 196-198).  Plaintiff's claim concerning the loss of his personal property is a state law claim.  However, this Court may decline supplemental jurisdiction over unrelated state law claims.  Title 28 of the United States Code, section 1367, governing supplemental jurisdiction states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, <u>the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.</u> Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a)(emphasis added).  <u>See also</u> <u>DeAsencio v. Tyson Foods</u>, 342 F.3d 301, 307-08 (3d Cir. 2003)("a district court may exercise supplemental jurisdiction where state-law claims share 'a common nucleus of operative fact' with the claims that supported the district court's original jurisdiction")(citations omitted).  In this case, this Court declines to exercise supplemental jurisdiction over Plaintiff's claim for costs of his lost clothing, as it does not relate to the malicious prosecution claim, and other claims, asserted by Plaintiff.

To the extent Plaintiff seeks to assert constitutional claims against his public defender, his claims must be dismissed.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law'

within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. at 325. Accordingly, Plaintiff's claims against defendant Tosto must be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's claims against certain defendants, as outlined in this Opinion, will proceed. However, all other defendants will be dismissed, without prejudice. The defendant states of New Jersey and Arizona will be dismissed with prejudice.

An appropriate Order accompanies this Opinion.

s/William J. Martini

WILLIAM J. MARTINI
United States District Judge

Dated: 4/9/09