U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
      **JUDGE**

**LETTER OPINION**

February 16, 2010

Donald E. Boyd
4 Right
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    *(Pro Se Plaintiff)*

John B. Sogliuzzo, Esq.
50 Northfield Avenue, Suite 200
West Orange, NJ 07052
    *(Attorney for Defendants K. Donaldson and D. Keller)*

    Re:   *Donald E. Boyd v. State of Arizona,* et al.
          <u>Civil Action No. 08-4521</u>

Dear Litigants:

    This matter comes before the Court on the Motions to Dismiss filed by Defendants K. Donaldson ("Donaldson") and D. Keller ("Keller") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5).  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED**.  Defendants Donaldson and Keller are dismissed from this action with prejudice.

**I.**    **BACKGROUND**
    This is an action arising out of a *pro se* prisoner complaint.  In 2003, law

1

enforcement officials from the Maricopa County Sheriff's Office ("MCSO") in Phoenix, Arizona, investigated Plaintiff Donald E. Boyd ("Plaintiff" or "Boyd") in connection with the 1994 assault and rape of a woman in the Phoenix area. (Am. Cmplt. ¶ 36). At the time of the investigation, Boyd was incarcerated on unrelated charges in New Jersey, serving a 60 year sentence and a life sentence consecutively. (Am. Cmplt. ¶ 48; Dft's Br. at 3). Boyd was apparently linked to the 1994 crime by newly discovered DNA evidence. (Am. Cmplt. ¶¶ 56-57).

After the purported connection was made between Boyd and the DNA evidence, further blood and DNA tests were conducted and analyzed. (Am. Cmplt. ¶¶ 48, 53). Additionally, the victim of the crime was presented with a photographic array of possible suspects. (Am. Cmplt. ¶ 38). Maricopa County authorities found that the results of these additional tests implicated Boyd and that the victim identified Boyd in the photographic array. (Am. Cmplt. ¶¶ 39, 65). Boyd refutes these findings, asserting that the blood sample did not match his blood type and that his photograph was not even included in the array given to the victim, such that she could not possibly have picked him out. (Am. Cmplt. ¶¶ 43, 52-53, 60). Boyd also asserts that he was not in Arizona at the time the crime was committed. (Am. Cmplt. ¶ 63).

Nevertheless, based on these findings, Boyd was indicted for the assault and rape, arrested, and extradited to Arizona in 2007, where he was held at the Maricopa County Jail. (Am. Cmplt. ¶ 61, 68). For seven months, he was placed in administrative segregation and his movements were restricted. (Am. Cmplt. ¶ 72). He alleges that he was denied proper medical treatment during this time. (Am. Cmplt. ¶ 70).

In March 2008, the Maricopa County prosecutor's office dismissed the indictment against Boyd due to insufficient evidence. (Am. Cmplt. ¶ 76-77). He was subsequently returned to New Jersey, where he is serving out his original sentences at New Jersey State Prison in Trenton.

In September 2008, Plaintiff filed a law suit in federal court in New Jersey against numerous law enforcement officers and governmental entities in New Jersey and Arizona for claims arising out of his indictment, arrest, and transfer to Arizona. He filed a complaint and then an amended complaint, but because the amended complaint incorporates the original complaint by reference and given Plaintiff's *pro se* status, both will be considered here. The gravamen of Plaintiff's complaints is that he was improperly and illegally taken out of New Jersey and transferred to Arizona, possibly as retaliation for two previous lawsuits that he filed against New Jersey county jail officials, in which he prevailed. (Cmplt. ¶ 37; Am. Cmplt. ¶ 35).

Specifically, Plaintiff alleges (1) violation of his civil rights pursuant to 42 U.S.C. §1983, (2) false arrest, (3) malicious prosecution, (4) false imprisonment, (5) conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985, (6) violation of his civil rights pursuant to 42 U.S.C. § 1986, (7) "emotional [sic] infliction of emotional distress," (8) violation of the state constitution, (9) federal constitutional tort, (10) state constitutional tort, and (11) medical malpractice/ deliberate indifference.

Plaintiff names numerous defendants including K. Donaldson, an investigator with the MCSO, and D. Keller, a detective with the MCSO. The allegations pertaining to

Defendant Donaldson are limited to Donaldson's examination of a latent fingerprint from the victim's car in Arizona in 1995 and the review of two police reports in which he may have taken part. (Am. Cmplt. ¶¶ 22, 38, 39, 47). There are no allegations that Donaldson traveled to New Jersey or had any other contact with the state. The claims that Plaintiff makes against Defendant Keller arise primarily out of Keller's travel to New Jersey in 2004, pursuant to a court order, to collect samples of Plaintiff's blood and DNA. (Am. Cmplt. ¶ 48). Plaintiff acknowledges that he consented to the collection of the biological samples. (*Id.*). There are no allegations that Keller analyzed the samples, collected the samples improperly, or had any other interactions with New Jersey. Presently before the Court are Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) for lack of personal jurisdiction, insufficient process, and insufficient service of process.

## II.   ANALYSIS
### A.   Personal Jurisdiction

Under Fed. R. Civ. P. 12(b)(2), a court may grant a motion to dismiss when there is a lack of personal jurisdiction over the defendant. A district court may assert personal jurisdiction over a nonresident defendant to the extent allowed by the law of the forum state. *Time Share Vacation Club v. Atl Resorts Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984); *O'Connor v. Sandy Lane Hotel Co. Ltd*, 496 F.3d 312, 316 (3d Cir. 2007). Thus, the court must first apply the relevant state's long arm statute to see if it permits the exercise of personal jurisdiction. Then the court must apply the Due Process Clause of the Constitution. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-259 (3d Cir. 1998).

In New Jersey, the appropriate exercise of personal jurisdiction over non-resident defendants is allowed to the fullest limits of the Due Process Clause of the Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). In order to assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires that (1) the defendant have "minimum contacts" with the forum, and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts exist when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir, 2009). Because general and specific jurisdiction are "analytically distinct categories," the Court must consider the facts relevant to each category separately. *Id.*

A court may have general jurisdiction over a defendant who has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the cause of action. *BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416

(1984)).  If the defendant's contacts fall short of the "continuous and systematic" standard, then there is no general jurisdiction and the court must consider whether specific jurisdiction exists.

Specific jurisdiction exists if the defendant purposefully directed its activities at the forum, and the litigation arises out of or relates to at least one of those activities.  *BP Chemicals Ltd.*, 229 F.3d at 259.  Specific jurisdiction is both claim-specific and defendant-specific.  *See Remick v. Manfredy*, 238 F.3d 248, 255-56 (3d Cir. 2001*); Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Once minimum contacts have been established under either general or specific jurisdiction, the Court must next determine if exercising personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice.  *Burger King Corp.*, 471 U.S. at 476; *International Shoe Co.*, 326 U.S. at 310.  Courts addressing the fairness question may consider the burden on the defendant, whether or not defendant should have reasonably anticipated being haled into court in the forum, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.  *Id.*

If the Court concludes that the exercise of personal jurisdiction comports with the requirements of the Due Process Clause, then it must next consider whether service of process was valid.  A district court cannot exercise personal jurisdiction over a defendant unless the summons and complaint were properly served.  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1992); *Chiang v. U.S. Small Business Administration*, 331 Fed. Appx. 113, 115 (3d Cir. 2009).

     1.  Defendant Donaldson

Plaintiff's allegations against Defendant Donaldson are sparse.  Indeed, they are limited to Donaldson's examination of a single latent fingerprint lifted from the victim's car and his possible involvement in the review of two police reports.[1]  The examination of the fingerprint took place in Arizona, on a single occasion in 1995.  The fingerprint was not a match for Plaintiff nor for any other individual located in New Jersey.  The review of the report, if it took place at all, also occurred in Arizona, on a single occasion in 2003.  There are no allegations that Donaldson ever traveled to New Jersey or that he had any other contact with the state.  Clearly, this is insufficient to constitute continuous and systematic contacts with the forum for the purposes of general jurisdiction.  It is also insufficient to establish that Donaldson "purposefully directed" his activities at the forum state, given that Plaintiff fails to allege any contacts at all between Donaldson and New Jersey.  Therefore, minimum contacts are lacking and the Court does not have personal jurisdiction over Defendant Donaldson.[2]  He must be dismissed from the action.[3]

---

[1] The amended complaint alleges that Defendant Donaldson, "and/or" numerous other defendants either reviewed or should have reviewed two police reports related to the investigation.

[2] Even if the test for minimum contacts could somehow be satisfied, the Court would still lack personal jurisdiction over Donaldson because it would not be fair or just to hale him into court in New Jersey, given his utter lack of contacts with the state.  *See International Shoe Co.*, 326 U.S. at 316; *Toys "R" US, Inc.*, 318 F.3d at 451.

        2.     Defendant Keller

The allegations against Defendant Keller are also sparse. They arise primarily out of Keller's collection of biological samples from Plaintiff's person while Plaintiff was incarcerated in New Jersey. This collection, which was conducted pursuant to a court order and with Plaintiff's consent, took place on a single occasion. There are no allegations that the samples were collected unlawfully or improperly. No other contact between Keller and New Jersey is alleged. Therefore, Keller did not have continuous or systematic contacts with the forum state, and general jurisdiction cannot be found.

The Court also finds that Keller's travel to New Jersey, pursuant to a court order and for the limited purpose of retrieving biological samples, is insufficient to constitute the purposeful direction necessary for specific jurisdiction. But even if this conduct could somehow be construed to constitute purposeful availment of the privilege of conducting activity in New Jersey, Plaintiff does not allege any impropriety with respect to the collection of the samples. He does not allege they were obtained illegally or improperly; in fact, he acknowledges his consent. Therefore, none of his claims have anything to do with Keller's collection of the samples. As such, he cannot satisfy the second component of the specific jurisdiction inquiry requiring that the litigation "arise out of or relate to" the defendant's deliberate interaction with the forum state. *See Helicopteros*, 466 U.S. at 414; *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d Cir. 2009). Specific jurisdiction is also lacking.

Finally, even if minimum contacts did exist between Keller and the state of New Jersey, the Court still could not validly exercise personal jurisdiction over Keller. Given the very limited nature of his interaction with the forum state and the fact that he acted pursuant to a court order, it would not be fair or just to hale Keller into court in New Jersey. *See International Shoe Co.*, 326 U.S. at 316; *Toys "R" US, Inc.*, 318 F.3d at 451. Thus, it is clear that Defendant Keller must be dismissed from the action.[4]

## III.    CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss are **GRANTED**. Defendants Donaldson and Keller are dismissed from the action with prejudice. An appropriate order follows.

                                                /s/ William J. Martini
                                                **WILLIAM J. MARTINI, U.S.D.J.**

---

[3] The Court is aware that Defendant Donaldson raises two additional grounds for dismissal, insufficient process and insufficient service of process. However, because there is no personal jurisdiction over Donaldson, there is no need to consider his alternative procedural arguments for dismissal.

[4] The Court notes that Defendant Keller, like Defendant Donaldson, also raises insufficient process and service of process as additional grounds for dismissal. However, as stated above, because personal jurisdiction is lacking, there is no need to consider these additional arguments.