UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

November 3, 2010

Donald E. Boyd
4 Right
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
  *(Pro Se Plaintiff)*

John B. Sogliuzzo, Esq.
50 Northfield Avenue, Suite 200
West Orange, NJ 07052
  *(Attorney for Defendant M. Ward)*

  Re:  *Donald E. Boyd v. State of Arizona,* et al.
        Civil Action No. 08-4521

Dear Litigants:

  This matter comes before the Court on the Motion to Dismiss filed by Defendant M. Ward ("Ward") pursuant to Fed. R. Civ. P. 12(b)(2).   There was no oral argument.   Fed. R. Civ. P. 78.   For the reasons set forth below, Defendant's Motions to Dismiss is **GRANTED**.   Defendant Ward is dismissed from this action with prejudice.

**I.    BACKGROUND**

  This is an action arising out of a *pro se* prisoner complaint.   In 2003, law enforcement officials from the Maricopa County Sheriff's Office ("MCSO") in Phoenix, Arizona, investigated Plaintiff Donald E. Boyd ("Plaintiff" or "Boyd") in connection with

1

the 1994 assault and rape of a woman in the Phoenix area.  (Am. Cmplt. ¶ 36).   At the time of the investigation, Boyd was incarcerated on unrelated charges in New Jersey, serving a 60 year sentence and a life sentence consecutively.   (Am. Cmplt. ¶ 48; Dft's Br. at 3).   Boyd was apparently linked to the 1994 crime by newly discovered DNA evidence.  (Am. Cmplt. ¶¶ 56-57).

After the purported connection was made between Boyd and the DNA evidence, further blood and DNA tests were conducted and analyzed.   (Am. Cmplt. ¶¶ 48, 53).  Additionally, the victim of the crime was presented with a photographic array of possible suspects.   (Am. Cmplt. ¶ 38).   Maricopa County authorities found that the results of these additional tests implicated Boyd and that the victim identified Boyd in the photographic array.   (Am. Cmplt. ¶¶ 39, 65).   Boyd refutes these findings, asserting that the blood sample did not match his blood type and that his photograph was not even included in the array given to the victim, such that she could not possibly have picked him out.   (Am. Cmplt. ¶¶ 43, 52-53, 60).   Boyd also asserts that he was not in Arizona at the time the crime was committed.   (Am. Cmplt. ¶ 63).

Nevertheless, based on these findings, Boyd was indicted for the assault and rape, arrested, and extradited to Arizona in 2007, where he was held at the Maricopa County Jail.  (Am. Cmplt. ¶ 61, 68).   For seven months, he was placed in administrative segregation and his movements were restricted.   (Am. Cmplt. ¶ 72).   He alleges that he was denied proper medical treatment during this time.   (Am. Cmplt. ¶ 70).

In March 2008, the Maricopa County prosecutor's office dismissed the indictment against Boyd due to insufficient evidence.  (Am. Cmplt. ¶ 76-77).   He was subsequently returned to New Jersey, where he is serving out his original sentences at New Jersey State Prison in Trenton.

In September 2008, Plaintiff filed a law suit in federal court in New Jersey against numerous law enforcement officers and governmental entities in New Jersey and Arizona for claims arising out of his indictment, arrest, and transfer to Arizona.   He filed a complaint and then an amended complaint, but because the amended complaint incorporates the original complaint by reference and given Plaintiff's *pro se* status, both will be considered here.   The gravamen of Plaintiff's complaints is that he was improperly and illegally taken out of New Jersey and transferred to Arizona, possibly as retaliation for two previous lawsuits that he filed against New Jersey county jail officials, in which he prevailed.   (Cmplt. ¶ 37; Am. Cmplt. ¶ 35).

Specifically, Plaintiff alleges (1) violation of his civil rights pursuant to 42 U.S.C. §1983, (2) false arrest, (3) malicious prosecution, (4) false imprisonment, (5) conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985, (6) violation of his civil rights pursuant to 42 U.S.C. § 1986, (7) "emotional [sic] infliction of emotional distress," (8) violation of the state constitution, (9) federal constitutional tort, (10) state constitutional tort, and (11) medical malpractice/ deliberate indifference.

Plaintiff names numerous defendants including M. Ward, a detective with the MCSO.   The allegations against Defendant Ward are sparse and vague, arising out of her use of Plaintiff's photograph in a photographic array in Arizona (Cmplt. ¶¶ 73-74); her testimony before an Arizona grand jury concerning the preparation and presentation of that

2

photographic array (Cmplt. at ¶ 75); an affidavit that she signed in Arizona (Cmplt. at ¶ 105); and her travel to New Jersey on a single occasion in 2004, pursuant to a court order, to collect samples of Plaintiff's blood and DNA.  (Cmplt. at ¶ 84).   Plaintiff acknowledges that he consented to the collection of the biological samples, and there are no allegations that Ward analyzed the samples, collected the samples improperly, or had any other interactions with New Jersey.   (Am. Cmplt. ¶ 48).   Presently before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## II.    ANALYSIS
### A.    Personal Jurisdiction—Standard of Review

Under Fed. R. Civ. P. 12(b)(2), a court may grant a motion to dismiss when there is a lack of personal jurisdiction over the defendant.   A district court may assert personal jurisdiction over a nonresident defendant to the extent allowed by the law of the forum state.   *Time Share Vacation Club v. Atl Resorts Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984); *O'Connor v. Sandy Lane Hotel Co. Ltd*, 496 F.3d 312, 316 (3d Cir. 2007).   Thus, the court must first apply the relevant state's long arm statute to see if it permits the exercise of personal jurisdiction.   Then the court must apply the Due Process Clause of the Constitution.   *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-259 (3d Cir. 1998).

In New Jersey, the appropriate exercise of personal jurisdiction over non-resident defendants is allowed to the fullest limits of the Due Process Clause of the Constitution.   *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).   In order to assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires that (1) the defendant have "minimum contacts" with the forum, and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."   *Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts exist when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."   *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).   Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction.   *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir, 2009).   Because general and specific jurisdiction are "analytically distinct categories," the Court must consider the facts relevant to each category separately.   *Id.*

A court may have general jurisdiction over a defendant who has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the cause of action.   *BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).   If the defendant's contacts fall short of the "continuous and systematic" standard, then there is no general jurisdiction and the court must consider whether specific jurisdiction exists.

3

Specific jurisdiction exists if the defendant purposefully directed its activities at the forum, and the litigation arises out of or relates to at least one of those activities. *BP Chemicals Ltd.*, 229 F.3d at 259. Specific jurisdiction is both claim-specific and defendant-specific. *See Remick v. Manfredy*, 238 F.3d 248, 255-56 (3d Cir. 2001*); Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Once minimum contacts have been established under either general or specific jurisdiction, the Court must next determine if exercising personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 476; *International Shoe Co.*, 326 U.S. at 310. Courts addressing the fairness question may consider the burden on the defendant, whether or not defendant should have reasonably anticipated being haled into court in the forum, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. *Id.*

If the Court concludes that the exercise of personal jurisdiction comports with the requirements of the Due Process Clause, then it must next consider whether service of process was valid. A district court cannot exercise personal jurisdiction over a defendant unless the summons and complaint were properly served. *Lampe v. Xouth, Inc*., 952 F.2d 697, 700-01 (3d Cir. 1992); *Chiang v. U.S. Small Business Administration*, 331 Fed. Appx. 113, 115 (3d Cir. 2009).

### B.      Defendant Ward

Plaintiff's allegations against Defendant Ward are sparse. Indeed, they concern only her use of Plaintiff's photograph in a photograph array conducted in Arizona (Cmplt. ¶¶ 73-74), her testimony before an Arizona grand jury concerning the photograph array (Id. at ¶ 75), an affidavit that she signed in Arizona (Cmplt. at ¶ 105), and her travel to the state of New Jersey in 2004 to collect biological samples from Boyd (Cmplt. at ¶ 84). This collection, which was conducted pursuant to a court order and with Plaintiff's consent, took place on a single occasion. (Cmplt. at ¶ 84). There are no allegations that the samples were collected unlawfully or improperly. No other contact between Defendant and New Jersey is alleged. Therefore, Defendant did not have continuous or systematic contacts with the forum state, and general jurisdiction cannot be found.

The Court also finds that Defendant's travel to New Jersey, pursuant to a court order and for the limited purpose of retrieving biological samples, is insufficient to constitute the purposeful direction necessary for specific jurisdiction. But even if this conduct could somehow be construed to constitute purposeful availment of the privilege of conducting activity in New Jersey, Plaintiff does not allege any impropriety with respect to the collection of the samples. He does not allege they were obtained illegally or improperly; in fact, he acknowledges his consent. Therefore, none of his claims have anything to do with Defendant's collection of the samples. As such, Plaintiff cannot satisfy the second component of the specific jurisdiction inquiry requiring that the litigation "arise out of or relate to" the defendant's deliberate interaction with the forum state. *See Helicopteros*, 466 U.S. at 414; *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d

4

94, 104 (3d Cir. 2009).   Specific jurisdiction is also lacking.

Finally, even if minimum contacts somehow could be found to exist between Defendant and the state of New Jersey, the Court still could not validly exercise personal jurisdiction over Ward.   Given the very limited nature of her interaction with the forum state and the fact that she acted pursuant to a court order, it would not be fair or just to hale Ward into court in New Jersey.   *See International Shoe Co.*, 326 U.S. at 316; *Toys "R" US, Inc.*, 318 F.3d at 451.   Thus, it is clear that Defendant Ward must be dismissed from the action.

### III.   CONCLUSION

For the reasons stated above, Defendant's Motions to Dismiss is **GRANTED**. Defendant Ward is dismissed from the action with prejudice.   An appropriate order follows.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**