UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
   **JUDGE**

# LETTER OPINION

November 8, 2010

Donald E. Boyd
4 Right
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
   *(Pro Se Plaintiff)*

Gage Andretta
Wolff & Samson, PC
The Offices of Crystal Lake
One Boland Drive
West Orange, NJ 07052
   *(Attorneys for Defendant A. Lustmann)*

   Re:   *Donald E. Boyd v. State of Arizona,* et al.
         Civil Action No. 08-4521

Dear Litigants:

   This matter comes before the Court on the Motion to Dismiss filed by Defendant A. Lustmann ("Lustmann") pursuant to Fed. R. Civ. P. 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**. Defendant Lustmann is dismissed from this action with prejudice.

**I.    BACKGROUND**

This is an action arising out of a *pro se* prisoner complaint. In 2003, law enforcement officials from the Maricopa County Sheriff's Office ("MCSO") in Phoenix, Arizona, investigated Plaintiff Donald E. Boyd ("Plaintiff" or "Boyd") in connection with the 1994 assault and rape of a woman in the Phoenix area. (Am. Cmplt. ¶ 36). At the time of the investigation, Boyd was incarcerated on unrelated charges in New Jersey, serving a 60 year sentence and a life sentence consecutively. (Am. Cmplt. ¶ 48; Dft's Br. at 3). Boyd was apparently linked to the 1994 crime by newly discovered DNA evidence. (Am. Cmplt. ¶¶ 56-57).

After the purported connection was made between Boyd and the DNA evidence, further blood and DNA tests were conducted and analyzed. (Am. Cmplt. ¶¶ 48, 53). Additionally, the victim of the crime was presented with a photographic array of possible suspects. (Am. Cmplt. ¶ 38). Maricopa County authorities found that the results of these additional tests implicated Boyd and that the victim identified Boyd in the photographic array. (Am. Cmplt. ¶¶ 39, 65). Boyd refutes these findings, asserting that the blood sample did not match his blood type and that his photograph was not even included in the array given to the victim, such that she could not possibly have picked him out. (Am. Cmplt. ¶¶ 43, 52-53, 60). Boyd also asserts that he was not in Arizona at the time the crime was committed. (Am. Cmplt. ¶ 63).

Nevertheless, based on these findings, Boyd was indicted for the assault and rape and extradited to Arizona in 2007, where he was held at the Maricopa County Jail. (Am. Cmplt. ¶ 61, 68). For seven months, he was placed in administrative segregation and his movements were restricted. (Am. Cmplt. ¶ 72). He alleges that he was denied proper medical treatment during this time. (Am. Cmplt. ¶ 70).

In March 2008, the Maricopa County prosecutor's office dismissed the indictment against Boyd due to insufficient evidence. (Am. Cmplt. ¶ 76-77). He was subsequently returned to New Jersey, where he is serving out his original sentences at New Jersey State Prison in Trenton.

In September 2008, Plaintiff filed a law suit in federal court in New Jersey against numerous law enforcement officers and governmental entities in New Jersey and Arizona for claims arising out of his indictment, arrest, and transfer to Arizona. He filed a complaint and then an amended complaint, but because the amended complaint incorporates the original complaint by reference and given Plaintiff's *pro se* status, both will be considered here. The gravamen of Plaintiff's complaints is that he was improperly and illegally taken out of New Jersey and transferred to Arizona, possibly as retaliation for two previous lawsuits that he filed against New Jersey county jail officials, in which he prevailed. (Cmplt. ¶ 37; Am. Cmplt. ¶ 35).

Specifically, Plaintiff alleges (1) violation of his civil rights pursuant to 42 U.S.C. §1983, (2) false arrest, (3) malicious prosecution, (4) false imprisonment, (5) conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985, (6) violation of his civil rights pursuant to 42 U.S.C. § 1986, (7) "emotional [sic] infliction of emotional distress," (8) violation of the state constitution, (9) federal constitutional tort, (10) state constitutional tort, and (11) medical malpractice/ deliberate indifference.

Plaintiff names numerous defendants including Alan Lustmann ("Lustmann"), a

detective with the Bergen County Prosecutor's Office ("BCPO") in New Jersey.  The allegations against Defendant Lustmann are sparse and vague.  Indeed, the only allegations pertaining to Lustmann directly are that Lustmann provided the MCSO with Plaintiff's photograph and fingerprints.  (Am. Cmplt. §§ 41, 46).  It should be noted that under New Jersey law, Lustmann was entitled to share this criminal history information with other law enforcement agencies, including the MCSO.  *See* N.J.S.A. § 53:6-18; N.J.A.C. §§ 13:59-1.1, -2.1, -2.4.  Moreover, Plaintiff alleges that his fingerprints did not match those recovered from the 1994 crime scene and that the photograph provided by Lustmann was not even used in the array shown to the victim.  (Am. Cmplt. §§ 42, 47).  Therefore, it is difficult to ascertain why Plaintiff believes Lustmann's conduct was improper.  Presently before the Court is Defendant's Motion to Dismiss for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     ANALYSIS
### A.     Standard of Review

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id.* at 1964-65.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

A district court may grant a motion to dismiss where the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic*, 550 U.S. at 555.  A claim does not have facial plausibility where the plaintiff does not plead facts that allow a court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Iqbal*, 129 S. Ct. at 1949.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

### B. Plaintiff's Claims
#### 1. 42 U.S.C. § 1983 (Count I)

Plaintiff alleges that the circumstances surrounding his arrest and extradition to Arizona violated his rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Am. Cmplt. § 88). The two elements of a Section 1983 claim are (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). More specifically, to sustain a Section 1983 action against Defendant Lustmann in his personal capacity, Plaintiff would have to plead that Lustmann, acting under color of state law, caused the deprivation of a federal right. *Hafer v. Melo*, 502 U.S. 21, 25 (1999).

However, the allegations made by Plaintiff are so vague and conclusory that they clearly do not satisfy this requirement. *See id.*; *see also Iqbal*, 129 S. Ct. at 1940. The primary foundation of Plaintiff's Section 1983 claim is that Defendant Lustmann, among others, violated the "First, Fourth, Fifth, Sixth and Fourteenth Amendments," because of the policies and practices of the Arizona and New Jersey Defendants… over whom they had supervisory authority." (Am. Cmplt. § 84). There are no specific facts alleging how Plaintiff's rights under these Amendments were violated, nor what specific conduct caused the violations. More significantly, there are no allegations that Defendant Lustmann was personally involved in any of these claimed violations. In light of the fact that the only claims made against Lustmann directly are that he provided fingerprints and photographs to the MCSO, conduct which is expressly permitted by New Jersey law, insufficient facts have been plead to allow the court to conclude that Lustmann is liable for any Section 1983 violations. This claim must be dismissed as to Defendant Lustmann.

#### 2. False Arrest and False Imprisonment (Counts II and IV)

In Counts II and IV, Plaintiff alleges that he was subject to false arrest and false imprisonment in 2007. (Am. Cmplt. § 91). To state a claim for false arrest or false imprisonment in New Jersey, a plaintiff must allege that he was subject to constraint without legal justification. *Gibson v. State Police*, 411 F.3d 427, 451 (3d Cir. 2005). Plaintiff's complaints contain scant facts pertaining to his alleged false arrest and imprisonment. Indeed, the only specific facts plead by Plaintiff relating to his alleged constraint are that a number of the defendants employed by the Maricopa County authorities sought his extradition to Arizona. (Am. Cmplt. § 62). However, there are no allegations that Defendant Lustmann had any supervisory authority over employees of the State of Arizona, nor could there be. Again, the only allegations against Lustmann directly are that he supplied the Maricopa County law enforcement authorities with information from Plaintiff's criminal history in connection with a valid criminal investigation. As such, Plaintiff does not sufficiently plead a claim for false arrest or false imprisonment with respect to Lustmann, and therefore these two counts must be

dismissed as to Lustmann.

### 3.  Malicious Prosecution (Count III)

In Count III, Plaintiff complains of malicious prosecution. (Am. Cmplt. §§ 101, 103). To establish a claim for malicious prosecution under New Jersey law, a plaintiff must demonstrate (1) the defendant initiated a criminal proceeding, (2) the criminal proceeding ended in his favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Leone v. Township of Deptford*, 616 F. Supp. 2d 527, 533 (D.N.J. 2007).

Here, Plaintiff does not make sufficient allegations to support the claim. Plaintiff does not allege that Lustmann was involved with any efforts to initiate criminal proceedings against him; indeed, Plaintiff makes it clear that it was the Arizona authorities who began the proceedings against him for the 1994 rape, conducting an investigation, presenting the case to an Arizona grand jury, and extraditing him to Arizona. This count must be dismissed as to Defendant Lustmann.

### 4.  Conspiracy (Count V) and Violation of 42 U.S.C. § 1986 (Count VI)

Plaintiff alleges conspiracy and a violation of 42 U.S.C. § 1986 ("Section 1986") in Counts V and VI respectively. (Am. Cmplt. §§ 123, 133). To successfully allege conspiracy, a plaintiff must plead sufficient facts to allow a court to reasonably infer that the defendant entered into an agreement to violate plaintiff's rights and engaged in a concerted action in furtherance of that agreement. *Capogrosso v. The Supreme Court of the State of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009); *Feliz v. Kintock Group*, 297 Fed. Appx. 131, 136 (3d Cir. 2008). To allege a violation of Section 1986, a plaintiff must demonstrate a pre-existing violation of section 42 U.S.C. § 1985 ("Section 1985"); if the plaintiff does not, the Section 1986 claim automatically fails. *Garlanger v. Verbeke*, 233 F. Supp. 2d 596, 605 (D.N.J. 2002). A valid Section 1985 claim must allege a conspiracy that is motivated by a "racial or class-based discriminatory animus," as well as an act in furtherance of the conspiracy and injury. *Id*. at 604. The allegations of conspiracy must contain factual specificity in order to survive a motion to dismiss. *Id*.

Here, Plaintiff makes only conclusory statements relating to the alleged existence of a conspiracy. Count V provides only that defendants conspired to prosecute him for crimes he did not commit, deprive him of his rights under the Interstate Agreement on Detainer Act, deprive him of his health, and harm him "as indicated earlier in the complaint." (Am. Cmplt. § 123). There are no allegations of an agreement between Lustmann and any other defendant or party, no allegations of a race-based or class-based discriminatory animus, and no allegations of a concerted effort between Defendant Lustmann and anyone else in furtherance thereof. The only mention of Section 1985 is in the statement in Count V that the "conspiracy included, but was not limited to a conspiracy to violate… 42 § U.S.C. 1985." For these reasons, Plaintiff has failed to state a claim for conspiracy or for violation of Section 1986, and these claims must be

dismissed as to Defendant Lustmann.

### 5. Emotional Inflictional [sic] of Emotional Distress, State Constitutional Claims, Federal Constitutional Tort, and State Constitutional Tort (Counts VII- X)

Plaintiff also makes the following claims: emotional inflectional [sic] of emotional distress, state constitutional claims, federal constitutional tort, and state constitutional tort in Counts VIII – X.  He repeats over and over that the "intentional actions" and "illegal and unconstitutional acts" committed by the defendants provide the basis for these claims.  (Am. Cmplt. §§ 143, 149, 159).  However, he provides absolutely no factual support for these claims whatsoever and never identifies the specific illegal acts or Lustmann's role in them.  Therefore, these counts must also be dismissed as to Lustmann.

### 6. Medical Malpractice/ Deliberate Indifference (Count XI) and Tort (Count XII)

Count XI appears to allege a state law claim of medical malpractice as well as a federal claim pursuant to the Eighth Amendment.  (Am. Cmplt. § 170).  Plaintiff makes no specific allegations about his health or how it was affected by Defendant Lustmann.  Moreover, a claim of medical malpractice requires the defendant to be a medical professional.  See Verdicchio v. Ricca, 179 N.J. 1, 22 (2004).  Plaintiff does not allege Lustmann is a medical professional, nor could he credibly do so.

Count XII is an allegation of tort against Plaintiff's former attorney, Rick Tosto ("Tosto"), a public defender in Arizona, who allegedly stole from Plaintiff clothing that Plaintiff had intended to wear at trial.  (Am. Cmplt. §§ 175-176).  Plaintiff alleges that the defendants, including Lustmann, conspired to deprive him of his clothing by not returning it to him in New Jersey.  (Am. Cmplt. § 177).  However, Plaintiff provides no facts in support of this and seeks judgment against Defendant Tosto only.  Therefore, this claim must be dismissed as to Lustmann as well.

## III. CONCLUSION

For the reasons stated above, Defendant Lustmann's Motion to Dismiss is **GRANTED** and he is dismissed from the action with prejudice.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**